STATE, RESPONDENT, *v.* BURRELL, APPELLANT.

(No. 1,749.)

(Submitted November 10, 1902.   Decided December 22, 1902.)

*Criminal Law — False Pretenses — Witnesses — Examination — Questions — Incriminating Testimony — Privilege — Waiver — Instructions — Weight of Evidence.*

1.   In a prosecution for false pretenses, a question asked upon the cross-examination of the person to whom the representations were made,—whether he had not stated, and knew it to be a fact, that it had been represented to him prior to the time the representations by defendant were made that defendant was indebted to his brother,—was improper, as ambiguous and involving two interrogatories.

2.   Where, on cross-examination of a witness, he is asked whether he had not at other times made statements inconsistent with his present testimony, it is

not necessary that the times, places, and persons present, be related to him; such facts being required only when a foundation is sought for impeachment.

3. In a prosecution for false pretenses, an instruction that the fact that defendant testified in an insolvency proceeding did not deprive him of his right to refuse to answer questions tending to criminate him, and an admission made by him in such proceeding was voluntary and competent evidence in a criminal prosecution, where he was not in custody or charged with a criminal offense when he made such admissions, was not objectionable as a charge on the weight of evidence.

4. The provision of the bankrupt act that no testimony given by the bankrupt shall be offered in evidence against him in any criminal proceeding does not prevent sufficient incriminating information and evidence from being obtained from sources other than the bankrupt, the knowledge of such sources having been obtained from the bankrupt's testimony.

5. Where a bankrupt, on examination before the referee, made no objection to testifying on the ground that his answers might criminate him, he thereby waived his privilege (if he had any), and any admissions made by him in such proceeding could be properly used on cross-examination of defendant in a criminal proceeding against him.

6. Where defendant in a prosecution for false pretenses did not refuse to testify as to admissions made on his examination before a referee in bankruptcy, he waived his privilege to refuse to testify on the ground that his answers might criminate him.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

Archie Burrell was convicted of false pretenses, and he appeals. Affirmed.

*Messrs. Cullen, Day & Cullen,* and *Mr. J. A. Largent,* for Appellant.

*Mr. James Donovan, Attorney General,* for the State.

MR. JUSTICE MILBURN delivered the opinion of the court.

The defendant was informed against and charged with the crime of obtaining property by false pretenses, in that he, on the 20th day of March, 1901, did falsely, fraudulently and feloniously represent to the Royal Milling Company, a corporation, that a certain statement in writing which he had then and there to the said company produced was a true and correct statement of his assets and liabilities, whereas the said statement was false, in that his liabilities were largely in excess of the amount set forth in such statement,—said defendant knowing the same

to be false,—and that the company was induced to sell and deliver to him certain goods of great value, sold because of said misrepresentations. The defendant was convicted, and the cause is before us on appeal from the judgment and an order denying defendant's motion for a new trial.

Numerous technical objections have been made by the attorney general to the record and transcript as presented. In view of the conclusions we have reached as to other points, it will be unnecessary to consider any of these objections.

The only assignments of error seriously relied upon by the defendant, and the only ones which we consider it at all necessary to treat, are the following: Upon the cross-examination of W. M. Adkinson, agent of the said company,—being the person to whom the alleged false statements were made by the defendant,—he was asked the following question: "I will ask you if you have not stated, and know it to be a fact, that it had been represented to you prior to March 20, 1901, that Archie Burrell, this defendant, was indebted to Henry Burrell?" To which question counsel for the state objected on the ground that it was not in proper form, was immaterial, and failed to state "when and where and who was present." The question was not in proper form. There are at least two questions involved in the one, and the whole is ambiguous. If the witness had answered in the affirmative, the jury would not have known what he meant. If he had answered "No," his answer would have been pregnant. The court was not in error in sustaining the objection to the question, in the form in which it was put. The witness, on direct examination, testified that he had heard it rumored that the defendant was indebted to his brother, and that at the time of the making of the said written statement he had asked defendant whether he was indebted to his brother, and that he then and there explicitly denied that he owed his brother. If the defendant's counsel desired to go further into this matter, he had every opportunity to ask another question, or as many as necessary, couched in proper form; and he should have done so, if he desired to search the heart and memory of the witness on cross-examination in respect of the very material matter of

whether he was actually deceived by any statement made by Archie Burrell at the time he advanced him credit as set out in the complaint.

Owing to the frequency with which able counsel raise the point, and contend for it in this court, that when, on cross-examination, a witness is asked if he has not at other times made statements inconsistent with his present testimony, he must have related to him, before an answer is required, the circumstances of time, place, and persons present, we find it now proper to say that it is not always necessary to make such relation to the witness. If such a question be asked without reference to such circumstances, the question is proper. If, in answer to a question so put, he deny that he has made any inconsistent statements, or say that he does not remember, that ends the matter; and he cannot be impeached by production of evidence that he has done so, for the reason that a proper foundation for such impeaching evidence has not been laid. (Section 3380, Code of Civil Procedure.) Before such evidence may be introduced to contradict him, common justice and ordinary fairness demand that he have his memory aided by such relation of such circumstances, and that he be allowed to tell and explain exactly what he did say, if he said any thing apparently or at all inconsistent at other times. If counsel intend to go further, and to bring in evidence of such inconsistent statements, if the witness deny them or say he does not remember, then, and only then, is it necessary to lay such a foundation. These remarks, of course, are not intended to apply to admissions or declarations of a party as evidence against such party.

The other point relied upon by counsel is that the court erred in giving the following instruction, to-wit: "The court instructs the jury that the fact that the defendant testified in an insolvency proceeding in obedience to a citation did not deprive him of his right to refuse to answer questions tending to criminate him, if he did answer any such questions; and an admission made by him in such proceeding is voluntary and competent evidence in a criminal prosecution subsequently inaugurated, where he was not in custody or charged with a criminal offense

when he made such admission, if he did make any such." This instruction is objected to for two reasons: First, that if it be correct in law, it would be erroneous to give it, for that it is a charge upon the effect and weight of the evidence; and, second, that it is incorrect as a statement of the law, for the reason that the Act of Congress to establish a uniform system of bankruptcy, approved July 1, 1898, provides, among other things, that "no testimony given by him [the bankrupt] shall be offered in evidence against him in any criminal proceeding." It appears from an examination of the record that the defendant had been examined in his own bankruptcy proceedings before the referee in bankruptcy, and that during the course of his examination he made certain statements, which it is alleged were admissions conflicting with his testimony in chief in the criminal case before us. We do not consider that the instruction is open to objection as being a charge upon the weight of the evidence. The question was squarely before the court as to whether or not admissions made by him in the bankruptcy proceedings could be used in cross-examination of the defendant in the criminal case. If an instruction upon admissions made by the defendant is one wherein the court invades the province of the jury in weighing evidence, then no instruction upon the question of admissions could ever be given to a jury. The only authority cited as in support of this contention is *State* v. *Schnepel,* 23 Mont. 523, 59 Pac. 927, which we do not consider at all in point. That was a case in which the court held that an instruction calling special attention to the defendant's witnesses, and giving special direction as to how their evidence should be weighed, is properly refused, as invading the province of the jury. This is a case wherein the question arose whether alleged admissions made by the defendant in the bankruptcy proceedings, and made without any refusal to testify, were voluntary or involuntary, and whether or not they could be inquired about on cross-examination of the defendant in criminal proceedings subsequently commenced; in other words, the court was passing upon the effect of the Bankruptcy Act in respect of the portion thereof heretofore quoted. A lengthy discussion of this point is not at

all necessary. The familiar provision of the Constitution of the United States (Article V of the Amendments) that "no person shall be compelled in a criminal case to be a witness against himself" is the one invoked by the defendant. He was not compelled to testify in the criminal case. He made no objection to the questions asked on cross-examination as to the alleged admissions. The position of the defendant in this case is that the Bankruptcy Act grants the bankrupt immunity from prosecution because of anything testified to by him in the bankruptcy proceedings. This is not so, as was held in the case of *Counselman* v. *Hitchcock,* 142 U. S. 547, 12 Sup. Ct. 195, 35 L. Ed. 1110, wherein, considering the Interstate Commerce Act, the court held that a witness is protected by the constitutional provision from being compelled to disclose the circumstances of his offense, or the sources from which or the means by which evidence of its commission or of his connection with it may be obtained or made effectual for his conviction; and that legislation cannot abridge a constitutional privilege, and cannot replace or supply one, at least unless it is so broad as to have the same extent in scope and effect, and that no statute which leaves the party or witness subject to prosecution after he answers the criminating question put to him can have the effect of supplanting the privilege conferred by the Constitution of the United States. The provision in the Bankruptcy Act that no testimony given by the bankrupt shall be offered in evidence against him in any criminal proceeding does not prevent sufficient incriminating information and evidence from being obtained from sources other than the bankrupt, the knowledge of such sources having been obtained from his testimony. The bankrupt, before the referee, had the constitutional right to refuse to testify as to matters tending to incriminate him. He did not do so. He waived his privilege, and any admissions made by him in such proceeding before the referee could properly be made a matter of cross-examination, if pertinent, in a criminal proceeding. Besides, as we have said above, the record shows that no objection was offered by the defendant to such cross-examination in the district court. If the Bankruptcy Act

were operative to protect him from disclosing anything in the criminal case,—which we do not believe, as we have stated,—he should have objected to the cross-examination touching such testimony before the referee. He did not do this. If he had any privilege when upon the stand in his own behalf in the criminal case, he waived it by not refusing to answer.

There is no question before us for decision as to whether, if the Bankruptcy Act contained a provision exempting a bankrupt from prosecution for crimes appearing from testimony in any proceedings before a referee in bankruptcy, such provision would exempt him from prosecution for such crimes in a state court, or from being examined in a state court as to matters pertinent to such proceedings, and disclosed by him in the same; and we do not find it necessary to treat of or consider such a question in this case.

The assignments of error relied upon are not tenable. The judgment and the order denying the motion for a new trial are affirmed.

*Affirmed.*