## BURRELL *v.* MONTANA.

### ERROR TO THE SUPREME COURT OF THE STATE OF MONTANA.

No. 218.  Submitted April 13, 1904.—Decided May 31, 1904.

A witness who voluntarily testifies cannot resist the effect of the testimony by claiming that he could not have been compelled to give it. The time to avail of a statutory protection is when the testimony is offered.

The provision in the bankruptcy act of July, 1898, requiring the bankrupt to testify before the referee, but providing that no testimony then given by him shall be offered in evidence against him in any criminal proceeding, does not amount to exemption from prosecution, nor does it deprive the evidence of its probative force after it has been admitted without objection in a criminal prosecution against the bankrupt in a state court.

THE facts are stated in the opinion of the court.

*Mr. E. C. Day* for plaintiff in error:

Plaintiff in error submitted to the cross-examination in the state court relative to his testimony before the referee in

bankruptcy without objection, and error was not assigned in the Supreme Court upon the cross-examination. It was assigned with reference to the giving of the instruction to the effect that the examination before the referee in bankruptcy amounted to a voluntary admission which was competent evidence in a criminal prosecution against the bankrupt.

Prior to this examination and the institution of these criminal proceedings the Circuit Court of Appeals for the Ninth Circuit in May, 1900, decided in *Mackel* v. *Rochester*, 102 Fed. Rep. 314; *S. C.*, 42 C. C. A. 427, that a bankrupt could not refuse to answer questions relating to his transactions on the ground that his answers would tend to incriminate him, for the reason that his constitutional privilege against his self-incriminating evidence was protected by the Bankruptcy Act of 1898, ch. 3, § 7, subd. 9. See also *Brown* v. *Walker*, 161 U. S. 591. *Mackel* v. *Rochester* has never been reversed or overruled. At the time of the examination and at the time of the criminal trial, it was the law of the circuit that the bankrupt could not decline to answer questions put to him upon his examination upon the ground that his answer might tend to incriminate him, and his submission to the examination was to that extent not voluntary.

The ultimate jurisdiction over questions involving the constitutionality of the United States bankrupt laws rests in the Federal courts, and such courts having pronounced said law to be constitutional, a defendant who brings himself within its provisions will have a complete defence. *Keene* v. *Mould*, 16 Ohio St. 12. The decision of this court upon the constitutionality of the legal tender act is of paramount authority, and state courts are bound by whatever construction that court places upon the law. *Black* v. *Lusk*, 69 Illinois, 70; *Barringer* v. *Fisher*, 45 Mississippi, 200; *Kellogg* v. *Page*, 44 Vermont, 356.

The state court is bound to follow the decisions of this court as to whether an act of Congress is constitutional or not. *Hicks* v. *Hotchkiss*, 7 Johns. Ch. 297; *Burwell* v. *Burgess*, 32

Grat. 472; *Ex parte Bushnell*, 9 Ohio St. 77; *Mooney* v. *Hinds*, 160 Massachusetts, 469; *State* v. *Sioux City &c. Ry. Co.*, 46 Nebraska, 682.

The decision of the Circuit Court of Appeals, until it was reversed or overruled, was entitled to the same credit and force and effect in the courts in the State of Montana as the decision of the Supreme Court of the United States. Consequently when it appeared in the state court that the defendant, now plaintiff in error, had been examined before the referee in bankruptcy touching the matters out of which grew the transaction complained against in the criminal proceeding, it was the duty of the state court to have dismissed the proceeding. The immunity given by the Bankruptcy Act, if any, goes further than a mere immunity against the admission in evidence of the testimony given before the referee in bankruptcy. It goes, and must go, if it is to secure to him his constitutional privilege, to the extent of protecting him from prosecution for any crime growing out of the transaction about which he has been examined. *Brown* v. *Walker*, 161 U. S. 591; *Mackel* v. *Rochester*, 102 Fed. Rep. 314.

This then was a jurisdictional question touching the right of the state court to prosecute him for offenses growing out of these transactions, and being jurisdictional in its character could be raised at any time, even after conviction and sentence. It was contended by counsel for the State that the immunity granted by the act extended only to prosecutions by the Federal government. That question, however, has been otherwise decided by this court in the case of *Brown* v. *Walker, supra.*

*Mr. James Donovan*, Attorney General of Montana, for defendant in error:

*Mackel* v. *Rochester* cited as sustaining plaintiff in error is mere dictum and is clearly against the well considered decision of the Supreme Court in the case of *Counselman* v. *Hitchcock*, 142 U. S. 564, and against the great weight of Federal author-

ity. See editorial note to *Mackel* v. *Rochester,* 4 Am. Bk. Rep. page 1, and cases therein cited; *In re Scott,* 1 Am. Bk. Rep. 49; *In re Hathorn,* 2 Am. Bk. Rep. 298; *In re Rosser,* 2 Am. Bk. Rep. 755; *In re Feldstein,* 4 Am. Bk. Rep. 321; *In re Walsh,* 4 Am. Bk. Rep. 693.

As to whether or not the provision of the Bankruptcy Act referred to above can have effect upon the courts of the State of Montana, or be applicable thereto, or whether or not Congress has any power to say what shall be or what shall not be evidence in a state court, Congress has no such power. See dissenting opinion in *Brown* v. *Walker,* 161 U. S. 591; *Barron* v. *Mayor,* 7 Pet. 247; *Bowlin* v. *Commonwealth,* 92 Am. Dec. 468; *Knox* v. *Rossi,* 48 L. R. A. 305; *Thomas* v. *State,* 46 L. R. A. 481, and notes; *Small* v. *Slocumb,* 37 S. E. Rep. 481, and cases cited; *Clemens* v. *Conrad,* 19 Michigan, 170; *Sammons* v. *Halloway,* 21 Michigan, 162; *People* v. *Gates,* 43 N. Y. 40; *Moore* v. *Moore,* 47 N. Y. 467; *Moore* v. *Quirk,* 105 Massachusetts, 49.

While defendant was examined by the referee, and the testimony so taken was used by counsel for the State reading from the testimony produced and left with him by the referee in bankruptcy, and interrogating the witness with the aid of such testimony it does not appear that any objection was interposed by defendant to the questions asked or to the use of such testimony, and he must therefore be deemed to have waived all such objections by failing to make them at the proper time. *State* v. *Burrell,* 27 Montana, 282.

An objection to the reception of evidence cannot be raised for the first time on appeal. *Griswold* v. *Boley,* 1 Montana, 553; *Stafford* v. *Hornbuckle,* 3 Montana, 488; *Rutherford* v. *Talent,* 6 Montana, 134; *Bass* v. *Buker,* 6 Montana, 447; *Brand* v. *Servoss,* 11 Montana, 87; *Bank* v. *Greenhood,* 16 Montana, 458.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Plaintiff in error was convicted upon information filed in the District Court of the Eighth Judicial District of the State

of Montana of the crime of obtaining money under false pretenses. The judgment of conviction was affirmed by the Supreme Court of the' State. 27 Montana, 282.

The false pretenses consisted of a false statement in writing made to the Royal Milling Company, a corporation, concerning his assets and liabilities, whereby he induced the company to sell him goods of great value.

Plaintiff in error testified in his own behalf, and during the cross-examination he was questioned in regard to statements made by him in testimony made before the referee in bankruptcy in his own proceedings. No objection was made.

In view of the examination the trial court instructed the jury as follows:

"The court instructs the jury that the fact that defendant testified in an insolvency proceeding in obedience to a citation did not deprive him of his right to refuse to answer questions tending to criminate him, if he did answer any such questions, and an admission made by him in such proceeding is voluntary and competent evidence in a criminal prosecution subsequently inaugurated, where he was not in custody or charged with a criminal offense when he made such admission, if he did make any such."

Plaintiff in error excepted to the instruction as follows: "For the reason that said instruction invades the province of the jury, in that it directs their attention to the alleged admissions of the defendant and is a charge upon the effect and weight of the evidence. The defendant excepts to the instruction for the further reason that the same does not correctly state the law, in this, that it appears from the testimony that the defendant had testified upon an examination before a referee in bankruptcy, held pursuant to the provisions of the act of Congress, approved July 1, 1898, which said act provides as follows: Chapter III, section, etc. 'But no testimony given by him (upon his examination) shall be offered in evidence against him in any criminal proceeding.' And the said instruction is against the law."

The instruction seems to oppose the provisions of the statute, but the circumstances of the case must be considered. There was no objection made to the introduction of the testimony, and, as we understand the instruction, it was but the expression of the value of the testimony. The contention of plaintiff in error must have been in the trial court as it was in the Supreme Court and is here, to wit, that section 7 of the bankruptcy act grants more than a mere immunity against the admission in evidence of the testimony given before the referee in bankruptcy—that it grants him protection from prosecution for any crime growing out of the transaction about which he was examined; and this necessarily to secure to him the full protection of that clause of the Constitution of the United States which provides that "no person shall be compelled in criminal cases to be a witness against himself." Upon this broad contention he must now rely. A narrower contention might have been yielded to by the state courts. It certainly should have been submitted to them. The statute does not prohibit the use of testimony against the consent of him who gave it. It prescribes a rule of competency of evidence which may or may not be insisted upon. It does not declare a policy the protection of which cannot be waived. And the time to avail of it is when the testimony is offered. After the testimony is admitted its probative force cannot be limited. This could not be contended even under the broader provision of the Constitution. A witness who voluntarily testifies cannot resist the effect of the testimony by claiming that he was not compellable to give it.

In the case at bar, the court dealt with testimony which had been admitted without question or objection. We are brought, therefore, to the broad and ultimate contention of the plaintiff. We think it is untenable. There is no ambiguity in section seven of the bankrupt act. It requires a bankrupt to submit to an examination concerning his property and affairs, and provides: "But no testimony given by him shall be offered in evidence against him in any criminal proceed-

ing." It does not say that he shall be exempt from prosecution, but only, in case of prosecution, his testimony cannot be used against him.

The two things are different, and cannot be confounded. The difference is illustrated by the different constructions this court has given to section 860 of the Revised Statutes and the provisions of the act of Congress of February 11, 1893, c. 83, 27 Stat. 443.

In *Counselman* v. *Hitchcock*, 142 U. S. 547, it was contended that the protection of section 860 was that of the Constitution, and it was sought to compel a witness to testify to matters which he claimed would incriminate him. This court held against the contention, and the witness was justified. We did not attempt to extend the section to the prohibition of criminal prosecutions, but confined its immunity to that which was expressed, to wit, that the testimony given should not "be given in evidence, or in any manner used, against him or his property or estate, in any court of the United States, in any criminal proceeding. . . ."

The act of February 11 was different and the ruling upon it was different. It provided as follows:

"But no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before said Commission, or in obedience to its subpœna, or the subpœna of either of them or in any such case or proceeding."

It was held in *Brown* v. *Walker*, 161 U. S. 591, that the act was virtually one of "general amnesty," and the protection of the Constitution was "fully accomplished by the statutory immunity." As in *Counselman* v. *Hitchcock* a witness before a grand jury which was investigating alleged violations of the Interstate Commerce Act, claimed that questions addressed to him "would tend to accuse and incriminate him." Upon proceedings in the District Court he was adjudged guilty of contempt and ordered to pay a fine of five dollars and to be

taken into custody, until he should answer the question. He petitioned the. Circuit Court for writ of *habeas corpus*, and from the judgment remanding him to custody prosecuted an appeal to this court. It was held that he was compellable to answer.

In the case at bar, as we have already said, plaintiff in error did not claim the protection afforded him by the bankrupt act. He made no objection to the use of the testimony which he gave before the referee, nor does he now urge its use as error. He broadly claimed and now claims exemption from prosecution. For the reasons we have given the claim is untenable.

*Judgment affirmed.*