# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## MAX SIKLEK V. COMMONWEALTH.

### June 15, 1922.

1. INDICTMENT AND INFORMATION—*Indictment Against Accused Where Accused Appeared Before Grand Jury to Testify Against Another— Case at Bar.*—Accused appeared before the grand jury to testify against one O. for the larceny of certain rope. At the time accused appeared no indictment was contemplated against him, a charge that he had received the stolen goods, knowing of the larceny, had been previously dismissed. It did not appear that the court knew that he was suspected of the offense for which he was afterwards indicted; nor did it appear that he was forced to answer any question which tended to incriminate him, nor that any incriminating evidence was given by him, nor that the indictment found against him was based on his testimony. The only facts which appeared were that he went before the grand jury, being summoned as a witness to testify against O., and the grand jury, of its own motion, after hearing his testimony as well as that of other witnesses, indicted him jointly with O. for the larceny of the rope. Accused was not warned of his constitutional right to refuse to answer any questions tending to incriminate him.

    *Held:* That there was no error in overruling the motion of accused to quash the indictment.

2. INDICTMENT AND INFORMATION—*Sufficiency of the Evidence Upon Which Indictment is Founded—Presumption that Indictment is Founded upon Proper Evidence.*—The sufficiency of the proof cannot be inquired into to invalidate an indictment found by a lawfully constituted grand jury. The presumption is that every indictment is found upon proper evidence. If anything improper is given in evidence before a grand jury, it can be corrected on the trial before the petit jury.

3. INDICTMENT AND INFORMATION—*Grand Jury—Indictment of Witness who Appears Before Grand Jury—Self Incrimination—Waiver of Privilege.*—The fact of being summoned and appearing before a grand jury by a person not then accused of the crime under investigation is certainly not a violation of his constitutional rights merely because he was afterwards indicted therefor. While before the grand jury he could be compelled to testify like any other witness as to any matter that did not incriminate him, but clearly he could not be compelled to testify as to any matter that would incriminate him, and he has the option either to claim his privilege or to waive

it. If he gives such incriminating testimony voluntarily, his constitutional rights are not thereby violated, for it is a general rule that, when a witness has a personal privilege either to testify or to refuse to do so, and he testifies without interposing any objection, he will be deemed to have waived his right and held to have testified voluntarily.

4. GRAND JURY—*Power to Compel Witness to Testify—Self Incrimination.*— A grand jury has no power to compel a witness to testify, but only the court can exercise such compulsion, and, if one declines to answer any question which he thinks will incriminate him, the grand jury can only report the matter to the court for proper action; and thus the witness has the opportunity to assert his rights and have them recognized and fully protected.

Error to a judgment of the Corporation Court of the city of Newport News.

*Affirmed.*

The opinion states the case.

*J. Louis Morewitz,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The accused has been convicted of grand larceny, and is here assigning a single error, which can be best presented by the statement of facts certified by the trial court showing the only ruling to which he excepted.

"The court certifies that it appears from the evidence in this case that Max Siklek was tried in the Police Court of the city of Newport News on or about the 23rd day of August, 1921, on the charge of having bought stolen rope, knowing that same had been stolen, and was on that day dismissed on said charge by said court, but was held as a witness, under a bail bond of $250 for his appearance before the grand jury

of this court, at the September, 1921, term, to testify
on behalf of the Commonwealth in the case of C. L.
Oliver, who had previously waived preliminary exami-
nation in said police court and had been at that time
sent on to the grand jury on the charge of the larceny
of said rope; that a summons had been duly served on
said Siklek to appear before said grand jury and testify
in behalf of the Commonwealth against the said C. L.
Oliver, and that Siklek in response to said summons
and in accordance with the terms of his said bond put
in his appearance on the 13th day of September, 1921,
and submitted himself to the further orders of this
court; that Siklek was the first witness called and
interrogated by the said grand jury, during their con-
sideration of the bill presented against said C. L.
Oliver, but at that time no presentment had been
made, nor was there any under consideration against
said Siklek; nor was it the intention of the attorney
for the Commonwealth to place any charge or indict-
ment before the grand jury against Siklek; that said
Siklek was not warned by the court, nor does it appear
that or whether he was warned by any member of the
grand jury or by anyone else of his constitutional right
to refuse to answer any questions or to give any in-
formation that would tend to incriminate himself; nor
did the court know that Siklek was suspected of the
offense for which he was afterwards indicted or of any
other offense, or that any evidence which he might
give would tend in any manner to incriminate him;
and that the said grand jury, after questioning said
Siklek and hearing other witnesses, upon the com-
pletion of its inquiry, of their own motion, returned a
true bill against said Siklek and said C. L. Oliver,
jointly, by having the attorney for the Commonwealth
insert the name of M. Siklek in the indictment, after

that of C. L. Oliver, charging them with grand larceny, in connection with the alleged theft of the rope herein above mentioned, the name of said Siklek also appearing at the foot of the indictment as one of the witness for the Commonwealth, having been so written on the presentment against C. L. Oliver as it was originally laid before the grand jury. The court further certifies that upon the arraignment of the accused, the said Max Siklek, on the indictment aforesaid, he demurred to the said indictment and moved to quash the same on the grounds herein above set out. But the court overruled said demurrer and motion to quash. To which ruling of the court accused, by counsel, excepted."

The error assigned is the overruling of the motion of the accused to quash the indictment.

[1] The accused relies upon a certain line of cases, in each of which it appeared affirmatively that a person while under accusation of crime had been compelled to go before the grand jury and to testify without warning being given to him that his testimony might be used against him, or of his constitutional right to refuse to testify. The whole argument for the accused here rests upon the suggestion that he has been compelled to incriminate himself.

Much has been written on the subject, but little need be said about it here in view of the certified facts in this case. At the time the accused was sent before the grand jury no indictment was contemplated against him, the charge that he had received the stolen goods knowing of the larceny had been previously dismissed, and the attorney for the Commonwealth had no intention to present any indictment to the grand jury against him; nor did the court know that he was suspected of the offense for which he was afterwards

indicted; nor does it appear that he was forced to answer any question which tended to incriminate him; nor that any such question was propounded to him, nor that any such incriminating evidence was given by him, nor that the indictment which was found was based upon his own testimony. So that, as it appears to us, none of the facts upon which the accused relies are shown to exist. The only facts which do appear are, that he went before the grand jury, being summoned as a witness to testify against C. L. Oliver, and that the grand jury, of its own motion, after hearing his testimony as well as that of four other witnesses, indicted him for the crime of which he has since been convicted.

That there have been cases in which the indictments have been quashed because accused persons were compelled to go before the grand jury and give incriminating testimony against themselves, is true, but we think that no case can be found in which an indictment has been quashed when there was no averment that the accused had been forced to give such incriminating testimony.

[2] This case seems to be clearly controlled by the case of *Wadley* v. *Commonwealth*, 98 Va. 804, 35 S. E. 453, in which this is said: "Before his arraignment the prisoner filed two pleas, setting forth that the indictment against him was found upon illegal and inadmissible evidence, and praying that the same might, for that reason, be quashed. This praying was properly overruled.

"It is the policy of the law, in the interest of justice, that this preliminary hearing should be conducted with closed doors. This secrecy is not only consistent with, but essential to, the nature of the institution. The sufficiency of the proof cannot be inquired into to

invalidate an indictment found by a lawfully constituted grand jury. The presumption is that every indictment is found upon proper evidence. If anything improper is given in evidence before a grand jury, it can be corrected on the trial before the petit jury.

"Grand juries are not generally selected on account of their legal requirements, and doubtless often act upon evidence not strictly legal. If, however, the courts are to inquire into their proceedings, few indictments would come to trial without this preliminary. Bishop's New Criminal Procedure, Vol. 1, sec. 872, par. 5; 16 Conn. 457; *Ezra* v. *Beebe*, 17 Minn. 241; 3 Zab. (N. J.) 49; *Turk* v. *State*, 7 Ohio, 2 pt. 240; *Creek* v. *State*, 24 Ind. 151; *State* v. *Logan*, 1 Nev. 509."

In *Noll* v. *Dailey*, 72 W. Va. 520, 79 S. E. 668, 47 L. R. A. (N. S.) 1207, the *Wadley Case* is cited, and this quotation from *State* v. *Woodrow*, 58 W. Va. 527, 52 S. E. 545, 2 L. R. A. (N. S.) 862, 112 Am. St. Rep. 1001, 6 Ann. Cas. 180, appears: "It would be very bad practice—endless inconvenience—to have a full preliminary trial of competence of evidence before the grand jury in many cases. How far would the practice go? Does the inconvenience to the accused justify the institution of such a practice? Are not his rights fully vindicated by his right to exclude improper evidence on the trial?" And it is said that however this question may be decided elsewhere, in Virginia and West Virginia such an inquiry cannot be made, and, hence, that no plea in abatement or motion to quash can be sustained.

[3, 4] The nature and extent of the privilege is well discussed in *State* v. *Duncan*, 78 Vt. 364, 63 Alt. 225, 112 Am. St. Rep. 922; 6 Ann. Cas. 606; 4 L. R. A. (N. S.) 1148, note. This is a fair summary of the

true rule in such cases:    The fact of being summoned
and appearing before a grand jury by a person not then
accused of the crime under investigation is certainly
not a violation of his constitutional rights merely
because he was afterwards indicted therefor.    While
before the grand jury he could be compelled to testify
like any other witness as to any matter that did not
incriminate him, but clearly he could not be compelled
to testify as to any matter that would incriminate him,
and he has the option either to claim his privilege or-
to waive it.    If he gives such incriminating testimony
voluntarily, his constitutional rights are not thereby
violated, for it is a general rule that when a witness
has a personal privilege either to testify or to refuse
to do so, and he testifies without interposing any
objection, he will be deemed to have waived his right
and held to have testified voluntarily.    28 R. C. L.
431; *State* v. *Shockley*, 29 Utah 25, 80 Pac. 865, 110
Am. St. Rep. 654; *State* v. *Lloyd*, 152 Wis. 24, 139 N.
W. 514, Ann. Cas. 1914C, 418.    A grand jury has no
power to compel a witness to testify, but only the court.
can exercise such compulsion, and if one declines to
answer any question which he thinks will incriminate
him, the grand jury can only report the matter to the
court for proper action; and thus the witness has the
opportunity to assert his rights and have them recog--
nized and fully protected.    There is an elaborate and
instructive note on the general subject following the
case of *Evans* v. *O'Connor*, 174 Mass. 287, 54 N. E.
557, in 75 Am. St. Rep. at p. 318; *People* v. *Lauder*,
82 Mich. 109, 46 N. W. 956; *State* v. *Comer*, 157 Ind.
611, 62 N. E. 452; *State* v. *Campbell*, 73 Kan. 701, 85.
Pac. 784, 9 L. R. A. (N. S.) 533, 9 Ann. Cas. 1288; *People*
v. *Molineux*,168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 295.

In view of the facts appearing in this case and of the.

entire absence even of an allegation that the accused has been compelled to give incriminating evidence against himself before the grand jury, we should be going very far afield to hold upon a mere peradventure that his constitutional rights have been invaded. If called upon to speculate upon a subject about which we know nothing, we would say that the fair inference from the facts certified is that the prisoner did not testify to any incriminating facts, and that the indictment against him was found upon the testimony of the other witnesses who were examined. To sustain the contention of the accused would lead to this absurdity, that whenever a witness has been sworn and sent to the grand jury, and that grand jury or any other ever found an indictment against him, and he made a motion like this, upon the mere hint or suggestion that possibly on that occasion his constitutional rights were disregarded, the motion would be sustained, the indictment quashed and his immunity from punishment forever established notwithstanding his guilt.

It is suggested in the brief that a subsequent grand jury might indict such an accused person. It seems to us, however, that a motion might be made to quash such a subsequent indictment though founded upon the testimony of other witnesses, and that it could be supported by an argument equally as plausible as that by which the motion here made is supported. It might still be suggested that it was only because of his evidence before the first grand jury that some fact constituting a missing link in the evidence was supplied, without which no indictment would ever have been found against him. If the argument here made is sound, it would lead to the quashing of any later indictment which might thereafter be found against

him, upon the mere suggestion that the accused had been compelled to supply the incriminating evidence in violation of his constitutional privilege. There being neither averment nor proof either of compulsion exerted against the accused or of his incrimination of himself, the ruling is plainly right.

*Affirmed.*