STATE, Appellant *v.* SAGINAW, Respondent
No. 8997
Submitted July 15, 1950.  Decided July 19, 1950.
220 Pac. (2d) 1021

Mr. Arnold H. Olsen, Atty. Gen., Mr. Philip O'Donnell, Asst. Atty. Gen., Mr. Melvin E. Magnuson, County Attorney., Helena, Mr. Charles V. Huppe, Asst. Atty. Gen., for appellant. Mr. Magnuson and Mr. Huppe argued the case orally.

Mr. Sherman W. Smith, of Helena, for respondent. Mr. Smith argued the case orally.

PER CURIAM.

Following investigations conducted and a raid by members of the attorney general's force accompanied by other law enforcement officers on the premises known as the "Club Lounge" the main entrance whereof is No. 14 North Main Street in Helena, Montana, Melvin E. Magnuson, Esq., the county attorney of Lewis and Clark county, on leave first granted by the district court of said county, on July 1, 1949, filed therein three separate informations against the defendant Lewis M. Saginaw charging him with having committed the crime of misdemeanor at the above premises on three separate dates by violating the laws of the state prohibiting gambling, being district court criminal cases Nos. 2547, 2549 and 2550.

The information in the instant case, being district court case No. 2547, charges:

"That at the County of Lewis and Clark, in the State of Montana, on or about the 23rd day of April A. D. 1949, and before the filing of this information, the said Lewis M. Saginaw did have in his possession and under his control and did permit to be placed, maintained and kept in those certain premises commonly designated as the "Club Lounge," the entrance to which is No. 14 North Main St., in the City of Helena, County of Lewis and Clark, State of Montana, certain gambling implements and equipment, to-wit:

| | |
|---|---|
| "1 Black Jack Table | 1 Crap Table (complete) |
| "1 $1.00 Slot Machine | 1 Roulette Wheel |
| "1 $0.50 Slot Machine | 1 Roulette Table |
| "1 $0.25 Slot Machine | |
| "1 $0.10 Slot Machine | |
| "1 $0.05 Slot Machine | |

said premises being a place where liquor is sold, contrary to the form, force and effect of the statute in such case made and

provided and against the peace and dignity of the State of Montana.''

July 16, 1949, defendant was arraigned, waived the reading of the information and the statutory time in which to plead and entered a plea of ''Not Guilty'' to the above charge.

No trial jury was then in attendance in such court nor did either of the district judges thereafter summon any trial jury until in the spring of 1950 when a trial jury was summoned to report for duty commencing April 17, 1950.

April 4, 1950, on oral motion of defendant's counsel, the district court, Hon. A. J. Horsky, district judge, presiding, made and caused to be entered in the minutes of the court the following order for the dismissal of district court criminal case No. 2547, viz.: ''In this action defendant's motion to dismiss came on to be heard this day. Present the state through Melvin E. Magnuson, Esq., county attorney, and defendant through counsel Sherman W. Smith, Esq., Whereupon said motion being submitted, court ordered that said action be and the same is dismissed upon the ground and for the reason that the above named defendant was duly subpoenaed by the Grand Jury in session in Lewis and Clark County, Montana, and that the above named defendant answered said subpoena and was duly sworn and, under oath, testified as to all of the matters and things involved in the above-entitled charge; that under Section 94-2423 of the Revised Codes of Montana of 1947, and under Section 11178 of the Revised Codes of Montana of 1935, the defendant herein is immune from prosecution and cannot be prosecuted.''

April 7, 1950, Hon. George W. Padbury, Jr., another judge of the same court, ordered that the above order so made three days previous by Judge Horsky be rescinded.

The following day, April 8, 1950, defendant's counsel filed a written notice of motion to dismiss the information upon the grounds: (1) That defendant's testimony before the subsequently empaneled grand jury rendered him immune from

prosecution for the offense charged in the information by reason of the provisions of R. C. M. 1947, sec. 94-2423, supra; and (2) that defendant had not been brought to trial within six months after the filing of the information against him as contemplated by the provisions of R. C. M. 1947, sec. 94-9501, subd. 2.

April 10, 1950, defendant's second motion to dismiss the information came on for hearing with both Judge Horsky and Judge Padbury presiding, the minute entry of such hearing signed by both judges reading as follows: "In this action defendant's motion to dismiss the Information herein regularly came on to be heard this day. Present Melvin E. Magnuson, Esq., county attorney, and defendant in person and by counsel Sherman W. Smith, Esq. Whereupon defendant, Lewis M. Saginaw was called, duly sworn and being on the stand ready to testify, counsel for the state interposed an objection to any testimony being received on the basis of the provisions of Section 11830, and decision on the objection was reserved until final submission of the matter. Whereupon defendant was sworn and testified that pursuant to a subpoena duly issued and served on him he appeared before the Grand Jury and testified fully and fairly as to all of the matters and things involved in the above entitled charge. Whereupon said motion and objections to introduction of testimony were submitted and taken under advisement."

April 20, 1950, Judge Padbury made and caused to be entered in the minutes of the court an order of dismissal reading: "In this action defendant's motion to dismiss the information herein having been heretofore heard and submitted, court ordered that said action be and the same is dismissed upon the ground and for the reason that the above-named defendant was duly subpoenaed by the Grand Jury in session in Lewis and Clark County, Montana, and that the above named defendant answered said subpoena and was duly sworn and, under oath, testified as to all the matters and things involved

in the above entitled charge; that under Section 94-2423 of the Revised Codes of Montana of 1947, and under Section 11178 of the Revised Codes of 1935, the defendant herein is immune from prosecution and cannot be prosecuted.''

This is an appeal by the state from the order and judgment for the defendant dismissing the information and declaring the defendant Saginaw immune from prosecution thereunder.

The two judges of the district court of the first judicial dis-■ trict are of equal rank. Each is a duly elected, qualified and acting district judge of the same district court. Each has equal jurisdiction and powers and we find no authority whatever for Judge Padbury to attempt to rescind, vacate or nullify any order, decree or judgment of Judge Horsky as was attempted in the instant case.

As before stated the information was filed July 1, 1949, while the grand jury was not impaneled until July 25, 1949.

The provisions of section 94-2423 of the Revised Codes of ■ Montana of 1947, on which the defendant and the district court rely, make no reference whatever to grand juries. They speak of persons ''attending or testifying or producing * * * books, papers, documents, or * * * things, before any *court* or *magistrate* upon any investigation, proceeding or trial * * *.'' They also provide that ''no person shall be prosecuted * * * for or on account of any transaction, matter or thing concerning which he may *so testify* * * *.'' (Emphasis supplied.) The words *"so testify"* refer and relate to testimony given before a *"court or magistrate."* In construing this statute it is not the office of the judge to insert or read into the statute the words ''grand jury.'' See: R. C. M. 1947, sec. 93-401-15; Clark v. Olson, 96 Mont. 417, 432, 31 Pac. (2d) 283; State ex rel. Replogle v. Joyland Club, 124 Mont. 122, 220 Pac. (2d) 988.

The record before us affirmatively shows that on April 10, 1950, the defendant Saginaw, accompanied by his attorney, voluntarily appeared before the two district judges and there, over the objections of the county attorney, voluntarily testi-

fied concerning his appearance and testimony before the grand jury. Nowhere does the record show that the defendant, when appearing before the grand jury, made any objection to being sworn or to testifying before that body; hence, even though it should be assumed that the provisions of section 94-2423 were broad enough to include testimony before a grand jury, still the record would fail to show that defendant claimed either privilege or immunity when called before the grand jury or that in this case he is entitled to claim immunity from prosecution on the information which the county attorney had filed against him before the grand jury was either drawn, summoned or impaneled.

In People v. Lauder, 82 Mich. 109, 46 N. W. 956, 959, it was contended that because the defendant was compelled to appear before a grand jury and give testimony, the indictment against him should be abated. In denying such motion or plea the court said: ''The real complaint made by the plea is that Lauder was subpoenaed to appear before the grand jury, and he appeared in obedience thereto; that he was sworn, was interrogated, and answered all questions. He states that all this was done without having the aid and advice of counsel, and 'because he did not have the assistance of counsel to bring out all the facts and circumstances of the case' he testified to facts material and necessary to prove the truth of the charges. As he was not upon trial for any offense, no exception can be taken to his not having the assistance of counsel; and, as he made *no objection to testifying* on account of privilege, I do not see why that should be appealed to as a ground for quashing the indictment. In People v. King, 28 Cal. 265, the respondent was subpoenaed before the grand jury, and gave testimony against himself. This was made the ground of a motion to quash the indictment. In deciding this point, the court said: 'So far as the motion was based upon the ground that the defendant had testified against himself before the grand jury is concerned, it is only necessary to say that we know of no rule

of law which made it illegal for him to testify if he felt inclined to do so, nor do we know of any rule of law which makes the voluntary testimony of the defendant before the grand jury a ground for setting aside the indictment'."

The law as stated in the above case on this point is approved and followed in People v. Butler, 221 Mich. 626, 192 N. W. 685, 687; People v. Sanford, 252 Mich. 240, 233 N. W. 192, 196; Pick v. State, 143 Md. 192, 121 A. 918, 920 (a well considered case on very similar facts); Siklek v. Commonwealth, 133 Va. 789, 112 S. E. 605, 27 A. L. R. 135; In re Lemon, 15 Cal. App. (2d) 82, 59 Pac. (2d) 213, 216.

A similar situation arose in the case of State v. Burrell, 27 Mont. 282, 70 Pac. 982, affirmed in Burrell v. State of Montana, 194 U. S. 572, 24 S. Ct. 787, 48 L. Ed. 1122, where it was held the defendant was not immune from prosecution on account of his testimony before a referee in bankruptcy.

If, as shown above, an indictment cannot be quashed upon the showing made by the defendant at the hearing on his motion to quash, it certainly would not warrant the quashing of an *information* filed by the county attorney against defendant, by leave of court, before the empaneling of the grand jury before whom he thereafter appeared and voluntarily testified. The court erred in dismissing the information upon the ground stated in the orders of the district court of April 4, 1949, and April 20, 1949, and such orders cannot be sustained.

The Constitution of Montana provides: That right and justice shall be administered without sale, denial or *delay* (Art. III, sec. 6); that in each judicial district where two or more counties are united the judges thereof shall fix the terms of court (Art. VIII, sec. 17); that there shall be at least four terms of court a year held in each county (Art. VIII, sec. 17); and that in all criminal prosecutions the accused shall have the right to a speedy trial (Art. III, sec. 16).

R. C. M. 1947, sec. 93-315, provides: "Juries for the trial of causes *must* be called on the first Monday of every alternate

·month, if the judge so directs, *and oftener if the public business requires.* In each district where two or more counties are united the judge thereof must fix the term of court in each county of his district * * * *and there must be at least four terms a year in each county* * * * nothing in this section shall be construed to prevent the calling of a special term of court, with or without a jury, when in the opinion of the presiding judge the same is necessary. * * *'' Emphasis supplied.

The county of Lewis and Clark and the county of Broadwater comprise the first judicial district of this state (R. C. M. 1947, sec. 93-301) and both the Constitution (Art. VIII, sec. 17) and the Codes (R. C. M. 1947, sec. 93-315) require that there shall be *at least four terms* of court a year held in each county of the district.

The information herein charges a misdemeanor alleged to have been committed on or about the 23rd day of April 1949. For such an offense the county attorney was required to file a complaint or information within one year after its commission (R. C. M. 1947, sec. 94-5703) and this county attorney Magnuson did.

On July 16, 1949, upon the defendant's plea of ''Not Guilty'' the case was at issue and ready for trial and it become the duty of the district judges to set it down for trial on some certain day, in the order in which it appears on the calendar (R. C. M. 1947, sec. 94-7013) and thereafter with reasonable dispatch, to call a jury to try the case as required by both Constitution and statute.

The penalty that attaches for failure, neglect or omission to comply with the above mandates of the Constitution and statutes is to render the information subject to dismissal and thus permit the accused to escape the penalty of the law and thwart the law enforcement officers in the performance of their duties.

: · R. C. M. 1947, sec. 94-9501, provides: ''The court, *unless good cause to the contrary is shown,* must order the prosecution to

be dismissed * * *. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six months after the * * * filing of the information." (Emphasis supplied.)

Here on July 1, 1949, the district court granted leave to the county attorney to file three separate informations against the defendant. With these three separate criminal cases pending against defendant, the district judges allowed nine months to pass after plea before causing any trial jury to attend upon the court, the first case to be tried by jury after the filing of such information having commenced on May 3, 1950.

The second ground stated in defendant's written motion for dismissal heard on April 10, 1950, was that defendant had not been brought to trial within six months after the filing of the information (94-9501, supra). The record fails to show whether or not this ground was urged at the hearing on the motion and the court's order of dismissal of April 20, 1950, fails to show any ruling on such second ground. These facts suggest that possibly the second ground of the written motion may have been waived by defendant or, that the court may have deemed that there was "good cause" and sufficient reason to excuse its delay in bringing the defendant to trial as authorized under certain facts and circumstances by the provisions of R. C. M. 1947, sections 94-9502 and 94-9503. As to circumstances and conditions held sufficient to justify a delay in bringing a case to trial, see 22 C. J. S., Criminal Law, secs. 471 and 472, pp. 722, 724.

Under the facts disclosed by the record before us we hold that the provisions of R. C. M. 1947, section 94-2423, do not render defendant immune from prosecution under the information herein. As to whether or not "good cause" was shown (sec. 94-9501) sufficient to justify the trial court's failure to bring the defendant to trial within six months after the filing on July 1, 1949, of the information, the record fails to show and the district court made no finding or ruling thereon.

The order of April 20, 1950, dismissing the information is vacated and reversed and the cause is remanded to the district court for further proceedings not inconsistent with this opinion, —remittitur to issue forthwith.

MR. JUSTICE ANGSTMAN:

I concur in the result but not with all that is said in the foregoing opinion.