STATE, Appellant v. McRAE, Respondent

No. 8999

Submitted July 15, 1950. Decided July 20, 1950.

220 Pac. (2d) 1025

Mr. Arnold H. Olsen, Atty. Gen., Mr. Philip O'Donnell, Mr. Charles V. Huppe, Asst. Attys. Gen., Mr. Melvin E. Magnuson, County Atty., Helena, for Appellant. Mr. Huppe and Mr. Magnuson argued orally.

Sherman W. Smith, Helena, for respondent. Mr. Smith argued orally.

PER CURIAM.

This is an appeal by the state from a judgment of the district

court of Lewis and Clark county, Hon. George W. Padbury, Jr., district judge, presiding, given and entered for the defendant, dismissing an information in the district court cause No. 2546, charging defendant with the crime of misdemeanor for unlawfully maintaining, keeping and having in his possession described banned gambling paraphernalia including five coin-operated slot machines. The information filed July 1, 1949, by the county attorney Melvin E. Magnuson, Esq., on leave of court first granted, charges: "That at the County of Lewis and Clark, in the State of Montana, on or about the 24th day of June A. D. 1949, and before the filing of this information, the said Duncan K. McRae did have in his possession and under his control and did permit to be placed, maintained and kept in those certain premises commonly designated as the 'Club Lounge,' the entrance to which is No. 14 North Main St., in the City of Helena, County of Lewis and Clark, State of Montana, certain gambling implements and equipment, to-wit: one red table, two boxes money wrappers, one fan, two easy chairs, seven wood chairs, one black jack table, one poker table, one $1.00 slot machine, one $0.50 slot machine, one $0.25 slot machine, one $0.10 slot machine, one $0.05 slot machine, one croupier stick, approximately thirty (30) decks of playing cards, approximately thirty (30) dice, one safe, one box cards, two clothes trees, two boxes chips, three stools, one crap table (complete), two pictures, one small chrome table, said premises being a place where liquor is sold, contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the State of Montana."

The defendant McRae, appearing by the same counsel who represented the defendant Saginaw in district court criminal cases Nos. 2547, 2549 and 2550, being Supreme Court Nos. 8997, 9000 and 9001, 124 Mont. 225, 220 Pac. (2d) 1021, 124 Mont. 241, 220 Pac. (2d) 1027, 124 Mont. 243, 220 Pac. (2d) 1028, was arraigned, waived the reading of the information, waived the statutory time in which to plead and entered a plea of not guilty to the above charge. No trial jury was then in

attendance at such district court nor was any trial jury summoned to report for duty prior to April 17, 1950, being some nine months after defendant's arraignment.

April 4, 1950, on defendant's oral motion, the district court, Hon. George W. Padbury, Jr., district judge presiding, ordered the case (No. 2546), dismissed for the reason that under the provisions of section 94-2423, R. C. M. 1947, the defendant "is immune from prosecution and cannot be prosecuted." Thereafter followed the same motions, ruling, orders and proceedings had and done as of the same dates stated in this court's opinion in State v. Saginaw, Supreme Court No. 8997, 124 Mont. 225, 220 Pac. (2d) 1021.

Under the facts and circumstances herein defendant was not ▇▇ and is not immune from prosecution for the offense charged in the information filed by the county attorney weeks before the impaneling of a grand jury, rested on facts and evidence already obtained by the state without the assistance of a grand jury and long before such grand jury had come into existence.

As to the ground that defendant had not been brought to trial ▇▇ within six months after the filing of the information, the record fails to show whether or not such ground was urged and the court's order of dismissal of April 20, 1950, fails to mention such ground and fails to show any ruling whatever thereon.

If such second ground was urged by defendant in the district court, the granting or denying of the motion on such ground would depend upon whether or not "good cause" is shown for the failure of the district judges to summon a trial jury and to bring the defendant to trial within six months after the filing of the information for the statute provides that "unless good cause to the contrary is shown" the court must order the prosecution to be dismissed. R. C. M. 1947, sec. 94-9501, subd. 2.

Accordingly the order of April 20, 1950, dismissing the in-

formation is set aside and reversed and the cause is remanded to the district court for further proceedings not inconsistent with the above opinions,—the remittitur to issue forthwith.