STATE OF MONTANA, PLAINTIFF AND RESPONDENT, v. ROG-
ER PORTER, DEFENDANT AND APPELLANT.
No. 9635.
Submitted June 20, 1956. Decided August 20, 1956.
300 Pac. (2d) 952.

Mr. Leo J. Kottas and Mr. Charles V. Huppe, Helena, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mr. John C. Harrison, Coun-

300

ty Attorney, Helena, Mr. Hubert J. Massmas, Asst. Atty. Gen., and Mr. Clarence Hanley, Deputy County Attorney, Helena, for respondent.

Mr. Kottas, Mr. Huppe, Mr. Massman and Mr. Hanley argued orally.

MR. JUSTICE ANGSTMAN:

This is an appeal by defendant from a judgment convicting him of the crime of gambling. The charge is a misdemeanor based upon R.C.M. 1947, section 92-2401. When the case came on for trial defendant made a motion to withdraw his plea of not guilty so that he might raise the question of a bar to the proceedings. This motion was denied. Defendant raised the same question by objecting to the introduction of evidence.

Defendant during the trial offered in evidence the informa-
[1] ▆▆▆ motion to dismiss, and order of dismissal in Cause No. 2891 as they appear in files of the district court of the first judicial district in Lewis and Clark County. The state's objection to this evidence was sustained. This was error. The offered records show that the information in Cause No. 2891 was against the defendant Roger Porter and was for the identical offense embraced in the information for which he is being tried in this action and alleged to have been committed on the same day and at the same place. They show that the information in Cause No. 2891 was filed on August 3, 1954, and that the motion to dismiss was filed on April 4, 1955, on the ground that no application for postponement of the trial had been made by defendant and that more than six months had elapsed since the filing of the information; that the motion to dismiss was brought on for hearing on April 6, 1955, before the Honorable George W. Padbury and was by him sustained and that Judge Padbury thereupon ordered the dismissal of that action upon the ground stated in the motion.

R.C.M. 1947, section 94-9507, provides: ''An order for the dismissal of an action, as provided in this chapter, is a bar to

any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony."

The dismissal of Cause No. 2891 was for failure to bring the defendant to trial within six months after the filing of the information, the trial not having been postponed upon his application, and was based upon section 94-9501, subdivision 2.

Under the plain provisions of R.C.M. 1947, section 94-9507, ▇▇▇ the dismissal of Cause No. 2891 was a bar to the prosecution of this action. The state contends that that section must be read in conjunction with section 94-9502, which provides:

"If, when application is made for the discharge of a defendant, under either subdivision of the next preceding section, the court is satisfied that there is material evidence on the part of the state, which cannot then be had; that reasonable exertions have been made to procure the same, and that there is just ground to believe that such evidence can be had at the succeeding term or session, or to such a reasonable time as may seem proper, the cause may be continued to the next term or session."

This case is not ruled by section 94-9502. There was in case ▇▇▇ numbered 2891 no continuance, nor as far as the record shows was there any application for a continuance when the motion to dismiss was heard. The court did not act under section 94-9502 and did not purport to continue the case. The time when section 94-9502 must be considered, if at all, is when the motion to dismiss is heard. What was done here was a dismissal of the case without any reservation and section 94-9507 plainly applies and controls.

The cases of State v. Saginaw, 124 Mont. 225, 220 Pac. (2d) 1$21, and State v. McRae, 124 Mont. 238, 220 Pac. (2d) 1025, are called to our attention but neither of those cases involves the question here presented. Unlike the case here, in those cass there was an appeal from the order of dismissal and this court was reveiwing the proceedings had on the hearing of the motion to dismiss.

The case of State v. Knilans, 69 Mont. 8, 220 Pac. 91, is also

relied on by the state, but in that case the dismissal of the first case was not due to the fact that the defendant was not brought on for trial within the six months period under what is now section 94-9501, and hence section 94-9507 had nothing to do with the case.

Likewise the case of State ex rel. Borberg v. District Court, 125 Mont. 481, 240 Pac. (2d) 854, has no application here. The opinion in that case plainly shows the dismissal there relied on as a bar was not made under or for any of the grounds specified under section 94-9501, and hence section 94-9507 had no application.

The state contends that defendant waived the objection that the action is barred by entering his plea of not guilty. In 22 C.J.S., Criminal Law, section 436, page 682, it is said:

"A special plea in bar should be pleaded before a plea of not guilty, and it may be disregarded if a plea of not guilty is on the record, unless the court in its discretion allows the latter plea to be withdrawn."

This court in State ex rel. Odenwald v. District Court, 98 Mont. 1, 38 Pac. (2d) 269, approved the above stated rule now appearing in Corpus Juris Secundum when involved in a criminal case. The court however in that case held that the proceedings before it were civil and not criminal and that what is now section 94-9507 had no application and hence what it said in respect to the special plea before a plea of not guilty was dictum.

The court in the Odenwald case overlooked the force and effect of R.C.M. 1947, section 94-6805, which reads:

"All matters of fact tending to establish a defense other than that specified in the third and fourth subdivisions of section 94-6801, may be given in evidence under the plea of not guilty."

The third and fourth subdivisions of section 94-6801 relate to a former judgment of conviction or acquittal, and former jeopardy, neither of which could be pleaded here because the failure to bring deefndant on for trial within the six months

period did not serve as a judgment of acquittal nor was defendant ever placed in jeopardy.

The defense of the bar arising because of R.C.M. 1947, section ██ ██ 94-9507, may properly be raised by a plea of not guilty, and all matters in proof thereof are admissible under the plea of not guilty by virtue of section 94-6805.

It is analogous to the bar of the statute of limitations which is generally held may properly be raised on a plea of not guilty. 15 Am. Jur., Criminal Law, section 358, page 38; 22 C.J.S., Criminal Laws, section 449, page 700; Rebstock v. Superior Court, 146 Cal. 308, 80 Pac. 65.

The judgment is reversed and the cause remanded with directions to dismiss the action as being barred by R.C.M. 1947, section 94-9507.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES ANDERSON, DAVIS and BOTTOMLY.