No. 13101

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA,

                Plaintiff and Respondent,

-vs-

HOWARD A. LAMBERT,

                Defendant and Appellant.

---

ORIGINAL PROCEEDING:

Counsel of Record:

    For Appellant:

        Dennis Conner argued, Great Falls, Montana
        Daniel Piedalue, Student Intern, argued, Great Falls,
        Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana
        J. Fred Bourdeau, County Attorney, Great Falls,
        Montana
        Mike Greely argued, Deputy County Attorney, Great
        Falls, Montana

---

                Submitted: July 30, 1975

                Decided: AUG 6

Filed: AUG 6 1975

_Thomas J. Kearney_
                Clerk

PER CURIAM:

In this original proceeding defendant-petitioner seeks a writ of certiorari to review an order of the district court of the eighth judicial district, Cascade County, dated July 8, 1975, filed July 9, 1975.

The circumstances present in the district court are that defendant was charged with the offense of aggravated assault, a felony, on May 20, 1975, involving the discharge of a weapon, being a shotgun, in the direction of two persons on or about May 1, 1975.

On June 17, 1975, the State moved for an order directing defendant to produce testimony identifying the person who allegedly discharged the weapon, pursuant to section 95-1807, R.C.M. 1947, as amended, which provides:

> "Compelling testimony: immunity from prosecution. Before or during trial in any judicial proceeding a justice of the supreme court or judge of the district court, upon request by the attorney prosecuting or counsel for the defense, may require a person to answer any question or produce any evidence that may incriminate him. If a person is required to give testimony or produce evidence, in accordance with this section, in any investigation or proceeding he cannot be prosecuted or subjected to any penalty or forfeiture, other than a prosecution or action for perjury or contempt, for or on account of any transaction, matter or thing concerning which he testified or produced evidence."

Charges were dismissed against petitioner on June 27, 1975, and on that date defendant was duly sworn to testify and did testify that he knew the identity of the person who discharged the weapon but refused to disclose it. He was subsequently held in contempt of court for his failure to identify the person by an order dated July 8, 1975, as hereinbefore referred to.

Upon consideration of the petition this Court ordered an adversary hearing. Such hearing was had on July 30, 1975, briefs were filed, oral argument had and the matter taken under advisement by the Court.

It is contended by defendant that the proceeding before the district court was not a judicial proceeding within the meaning of the statute, section 95-1807, but was in the nature of an investigatory proceeding. The district court disagreed with this contention and defendant in this proceeding asserts such holding was erroneous because it is based upon an improper statutory construction of the statutes and constitutions of the State of Montana and the United States.

It is our opinion that the district court was correct in its ruling. The Arizona Court of Appeals stated in Smith v. Superior Court, Pima County, 17 Ariz.App. 79, 495 P.2d 519, at page 521:

> " * * * the purpose of immunity statutes is to aid prosecuting officers in apprehending criminals, or those engaged in criminal enterprises, by inducing them or their confederates to turn state's evidence and tell on each other or to place at the disposal of the prosecuting attorney evidence which constitutional provisions granting a witness the privilege of refusing to testify against himself make unavailable."

Further, at page 522 in the same opinion, the Court stated:

> "' * * * The term "judicial proceeding" encompasses every proceeding before a competent court in the due course of law of administration of justice resulting in any determination or action on the part of the court.'"

Other courts have had the opportunity to elaborate on what constitutes a "judicial proceeding". In Jarman v. Offutt, 80 S.E.2d 248, 251, 239 N.C. 468 (1954), it "'includes every proceeding of a judicial nature before a competent court or before a tribunal or officer clothed with judicial or quasi-judicial powers.'"

This power (to subpoena) relates to a "judicial proceeding", which includes, of course, any pretrial hearing held by the court. State v. Nichols, 325 A.2d 28, 32,(Me. 1974).

- 3 -

We believe that this is the correct interpretation of our similar statute and the writ requested is denied and this proceeding is ordered dismissed.