THE STATE OF MONTANA ON THE RELATION OF ROBERT L. WOODAHL, ATTORNEY GENERAL OF THE STATE OF MONTANA, AND THE CURRENTLY EMPANELLED GRAND JURY OF LEWIS AND CLARK COUNTY, STATE OF MONTANA, RELATORS, *v.* THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF LEWIS AND CLARK, AND THE HONORABLE GORDON R. BENNETT, PRESIDING JUDGE, RESPONDENT.

No. 13389.
June 18, 1976.
553 P.2d 971.

## ORDER

This is an original proceeding by the attorney general and grand jury of Lewis and Clark County seeking a writ of supervisory control (1) to remove the presiding judge in the grand jury proceedings, (2) to set aside an order to show cause and temporary stay of execution of subpoenas directed to three witnesses summoned to appear before the grand jury, (3) to set aside a fourth witness' application to cancel or suspend grand jury subpoenas.

These matters were set for adversary hearing, leave to intervene was granted, briefs were filed, and argument presented and all matters were taken under advisement by the Court following hearing on June 7, 1976.

The application of the attorney general and grand jury for removal of the Honorable Gordon A. Bennett as presiding judge in the grand jury proceedings is denied on the following grounds: (1) No legal basis is shown for his removal; (2) No evidentiary hearing has been held to resolve disputed issues of fact; and (3) The existence of an adequate remedy at law precludes the issuance of an extraordinary writ.

The applications to set aside the order to show cause, the temporary stay of execution of subpoenas, and the hearings relating to subpoenas issued to witnesses John Boyer, William F. Pellegrini, John P. Dresher and William T. Kelly are granted. The orders of the Honorable Gordon E. Bennett, District Judge, in relation thereto, dated May 19, 1976 and May 26, 1976 (exhibits 3 and 4 attached to the application for writ of supervisory

control herein) are vacated and set aside. The ground for annulling the same is the absence of a sworn statement of applicant, an affidavit, or supporting documents legally sufficient to support issuance of said orders.

This matter is remanded to the grand jury of Lewis and Clark County for continuation of such further proceedings before that body as it may deem appropriate.

MR. CHIEF JUSTICE JAMES T. HARRISON (concurring in part and dissenting in part).

I concur in the Court's rulings with respect to setting aside and vacating the order to show cause, stay of execution of subpoenas and the hearings relating to the subpoenas listed.

I dissent to the refusal to remove Judge Gordon A. Bennett as presiding judge in the grand jury proceedings.

While here it is an order to show cause and subpoenas that are involved, it is in effect similar to the actions of Judge Bennett considered by this Court in Cause 13079, entitled *"The State of Montana on the relation of Robert L. Woodahl, Attorney General of the State of Montana, and the Currently Empanelled Grand Jury of Lewis and Clark County, State of Montana, Relators vs. The District Court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark, and the Honorable Gordon R. Bennett, Presiding Judge, Respondent."* In that cause it was the issuance of an alternative writ of prohibition and order setting an adversary hearing. This Court peremptorily quashed, set aside and held for naught the alternative writ. The disqualification of Judge Bennett was also sought in that proceeding and an adversary hearing in this Court was ordered. At that hearing Judge Bennett presented a statement to the Court which contained this pledge:

"If this Court finds there is no justiciable issue here, or upon so finding denies the petition before it, it has my pledge to continue to preside over the grand jury with fidelity to the law as I see it and with all the impartiality I can summon. I cannot

and will not, however, turn a deaf ear to the petition, properly laid, of either a suspect or a witness called before the grand jury."

The Court majority felt there was no justiciable issue present and denied the relief sought. I dissented and stated:

"I dissent because I feel that for the benefit of all concerned the presiding judge should be told to step aside and thus restore harmony in this judicial proceeding."

It was the grand jury that requested the actions of the judge be taken to this Court in that case and in the present case it is again the grand jury's request that the judge's further actions be brought to our attention.

Once again the majority vacates and sets aside the orders because of insufficiency of the application papers, essentially the same reasons as given in the earlier case.

Judge Bennett in his statement previously referred to said he would not turn a deaf ear to a *properly laid petition.* The opinions and orders of this Court have held that the judge is granting petitions which are not properly laid.

In this proceeding one of the attorney general's assistants has filed an affidavit in support of the request to remove the judge and avers that subsequent to the earlier case, Judge Bennett has:

Without knowledge of the attorney general's office held a secret hearing, making inquiry of a witness who had testified before the grand jury; that he refused to permit booking of defendants indicted by the grand jury; and he has retained jurisdiction in certain cases involving workmen's compensation.

There are many other instances cited but these will suffice for my purposes here. At the adversary hearing nothing was filed by the judge so these allegations stand admitted. His counsel filed a brief following the hearing but it dealt only with the legal aspects of the case.

These actions appear to be a complete reversal of the judge's statements made in his court upon hearings in the *Carden* cases,

being *State v. James J. Carden* and *State v. James J. Carden and wife, Gloria Eusek Carden.* He announced his withdrawal as the presiding judge in those cases and as reported by the Helena Independent Record of January 6, 1975, stated:

" 'In the interest of a fair trial for both the state and the defendants in these cases, I would hope that the arguments and statements of counsel for all parties could be confined to the courtroom,' he said.

"Bennett said the events of the last few days 'have convinced me that politics will intrude in these cases to a far greater degree than I anticipated. Under such circumstances, my relatively recent involvement in politics could create a suggestion of partiality, which cannot be permitted in any case.' "

Then we have his pledge given at the hearing of the previous case, heretofore quoted.

The trend continues with issuance of orders upon insufficient legal foundations.

I am sure that Judge Bennett is familiar with the Canons of Judicial Ethics found at 144 Montana Reports, pages xxii through xxxiii, and I will not quote any portion of them here. I will say, however, that in all my experience the incidents where a judge does not want to relinquish jurisdiction when requested to do so by a litigant are exceedingly rare. Almost without exception district judges and justices on this Court when requested to call in another judge have graciously done so, desiring to preserve the established standard among counsel and litigants that those who are judging their litigation are neither influenced nor biased as to either the litigants or the type of cause being considered.

I previously requested Judge Bennett to remove himself from the workmen's compensation matters which in my opinion would facilitate conclusion of the investigation by the grand jury and restore a harmonious situation. Since it is beyond my power to order Judge Bennett removed I can do no more now

than again call upon him to relinquish his position as the presiding judge over the grand jury.

MR. JUSTICE CASTLES (dissenting):

I concur in the Court's rulings to set aside the order to show cause and the hearings relating to the subpoenas listed. The record reveals no basis for their issuance.

I dissent to the refusal to remove Judge Bennett. I would simply hold him to his previous statements alluded to in Chief Justice Harrison's dissent. Considering the series of events all the way back to Judge Bennett's refusal to convene a Grand Jury initially, it is obvious to me that Judge Bennett should step aside. In the previous request of the Grand Jury to remove Judge Bennett, I joined the majority in refusing to call for removal but subsequent events have shown that he should now step down.