IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

WILLIAM T. KELLY,
                    Plaintiff,

          vs.                                              No. 13438

GRAND JURY OF LEWIS AND CLARK COUNTY,
STATE OF MONTANA; and ROBERT L. WOODAHL,
Attorney General of the State of Montana,
                    Defendant.

---

THE STATE OF MONTANA on the relation
of WILLIAM T. KELLY,
                    Relator,                               No. 13439

          vs.

THE DISTRICT COURT OF THE FIRST JUDICIAL
DISTRICT OF THE STATE OF MONTANA, in and for
the County of Lewis and Clark, and the HONORABLE
GORDON R. BENNETT, Presiding Judge,
                    Respondent.

---

ORIGINAL PROCEEDING:

Counsel of Record:

     For Plaintiff and Relator:

          Gordon R. Bennett, District Judge, Helena, Montana
          Patrick J. Foley argued, Billings, Montana

     For Defendant and Respondent:

          Hon. Robert L. Woodahl, Attorney General, Helena,
          Montana
          Thomas Budewitz, Assistant Attorney General, argued,
          Helena, Montana

---

                              Submitted:  July 7, 1976

                              Decided: JUL 2 6 1976

Filed: JUL 2 6

Thomas J. Kearney
                              Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Relator seeks a writ of prohibition and an order from this Court in substance vacating the district court's order compelling him to testify before the Lewis and Clark County grand jury until a hearing has been held on the legality and jurisdiction of the grand jury.

These proceedings arise from the issuance of subpoenas by the Lewis and Clark County grand jury to relator William T. Kelly, ordering him to appear, testify, and produce physical evidence requested by the attorney general before that investigatory body on May 18, 1976. Relator filed an action against the grand jury and the attorney general in the district court and moved to quash the subpoenas. The district court set a hearing on relator's motion for May 28, 1976; but that hearing was set aside by order of this Court on June 18, State ex rel. Woodahl v. District Court, _____ Mont._____, _____ P.2d_____, 33 St.Rep. 537, for the reason that rela tor's petition was not verified.

On June 24, 1976 a special assistant attorney general filed in the district court an affidavit and motion to compel the testimony of relator before the grand jury. On the same day, June 24, District Judge Gordon R. Bennett issued an order to compel relator's testimony and to produce physical evidence before the grand jury, pursuant to section 95-1807, R.C.M. 1947. Relator again moved for a hearing on his motion to quash the subpoenas which were returnable on July 7, 1976. This motion was supported by affidavit and verified.

The district court has not considered nor acted upon relator's motion for a hearing on his motion to quash. Rather, the district

court submitted the issues to this Court by its petition of June 23, 1976, No. 13410, requesting, in effect, a declaratory judgment. At that time, relator renewed his application to this Court, praying for the following relief: (1) an order to show cause why a writ of prohibition or other appropriate writ should not issue to the district court and the Hon. Judge Bennett, requiring that the order of June 24 to compel testimony be permanently set aside and vacated; and (2) an order staying said district court order until such time as this Court has decided the merits of this application.

On July 1, 1976 this Court set both matters for oral argument and stayed all proceedings in the district court until further order of this Court. On July 7, 1976 oral argument was heard and the Court took the matter under advisement.

Many issues concerning the conduct of the attorney general's office, the impanelling of the grand jury, and statutory and constitutional rights of relator are raised by relator's motion to the district court and his application here. However, all contentions can be decided by the resolution of three questions:

1. Does the district court's order of June 24, 1976 effectively grant relator transactional immunity from prosecution under section 95-1807, R.C.M. 1947?

2. Does relator have standing to question the legal validity of the grand jury?

3. Is relator required to testify pursuant to the grand jury subpoenas and the district court order of June 24, 1976?

Respondent through the attorney general, has maintained by affidavit, brief and oral argument that it has granted relator transactional immunity from prosecution by virtue of its order of June 24,

pursuant to section 95-1807, R.C.M. 1947, which provides:

"Compelling testimony: immunity from prosecution. Before or during trial in any judicial proceeding a justice of the supreme court or judge of the district court, upon request by the attorney prosecuting or counsel for the defense, may require a person to answer any question or produce any evidence that may incriminate him. If a person is required to give testimony or produce evidence, in accordance with this section, in any investigation or proceeding he cannot be prosecuted or subjected to any penalty or forfeiture, other than a prosecution or action for perjury or contempt, for or on account of any transaction, matter or thing concerning which he testified or produced evidence."

Relator contends section 95-1807 cannot confer immunity upon a grand jury witness, and therefore, he may assert his right, under the Fifth and Fourteenth Amendments of the United States Constitution and Article II, Section 25, 1972 Montana Constitution, to refuse to testify against himself before the grand jury. His principal arguments are that the words "grand jury" are not contained in the statute, and the functioning of a grand jury is not a "trial" as that word is used therein.

Relator's construction of section 95-1807 is overly technical. In State v. Lambert, _____Mont._____, 538 P.2d 1351, 1352, 32 St.Rep. 805, 807, defendant contended he could not be compelled to testify after grant of immunity under section 95-1807 in a pretrial hearing because such hearing was not a "judicial proceeding". This Court held the subpoena power of a court relates to the pretrial hearing. In defining a "judicial proceeding", the Court in Lambert quoted with approval from a North Carolina case to the effect that a judicial proceeding "'includes every proceeding of a judicial nature before a competent court or before a tribunal or officer clothed with judicial or quasi-judicial powers.'" In State ex rel. Adami v. District Court, 124 Mont. 282,

- 4 -

287, 220 P.2d 1052, the Court said:

> "A grand jury is a part of the court and must
> conduct itself in compliance with the statutes
> and Constitution in the same manner as any other
> part of the judicial system."

Thus, while a grand jury is an inquisitorial body, its proceedings are generally regarded as judicial in nature. 38 Am Jur 2d, Grand Jury, §1.

Section 95-1807 states that if one "is required to give testimony or produce evidence * * * in any investigation or proceeding" he cannot be prosecuted therefor. The use of the word "investigation" is not inadvertent; a grand jury inquiry is an investigation within the scope of a judicial proceeding.

Relator relies upon State v. Saginaw, 124 Mont. 225, 220 P. 2d 1021, in asserting that immunity statutes do not apply to grand jury witnesses. Saginaw is distinguishable for two reasons. First, the statute there involved was different, and the relation of certain words not contained in section 95-1807 was held to exclude grand juries. Second, the decision rests firmly on the fact the defendant voluntarily testified before the grand jury without objection and without asserting his right to remain silent. In the instant case relator has asserted that right and the district court has ordered him to testify under immunity from prosecution, pursuant to the applicable statute.

Finally, the policy and purpose of immunity statutes is to aid prosecuting officers in the apprehension of criminals. They render witnesses' privilege against self-incrimination inapplicable with respect to matters about which they testify, thus inducing witnesses to testify and turn state's evidence. State v. Lambert, supra.

- 5 -

Therefore, we hold the district court's order to compel testimony pursuant to section 95-1807 effectively granted relator transactional immunity from prosecution.

Relator next contends that he has standing to prosecute this action because the grand jury is illegal and is wasting public funds. He relies on State ex rel. Adami v. District Court, 124 Mont. 282, 287, 220 P.2d 1052, which held that a taxpayer of the county in which a grand jury sits has standing to seek a writ of prohibition to end litigation and save expense when a grand jury acts without or in excess of its jurisdiction. In that original proceeding, the relator sued on behalf of himself and all other county taxpayers in order to prohibit the further expenditure of public funds. A fair reading of the application in the instant case shows that such is not the purpose of this relator. His fleeting reference to Adami does not establish a claim that his purpose is to cease the waste of taxpayer's money. Therefore, relator does not have standing to challenge the grand jury's existence on the basis of Adami.

The substance of relator's application is a broad and detailed attack upon the composition and conduct of the grand jury under the direction of the attorney general's staff. He asserts the grand jury operation, directed at him through the district court's order of June 24, threatens irreparable injury to his state and federal constitutional rights, including his right against self-incrimination, his right to due process of law, and his right to protection from unreasonable searches and seizures. Relator seeks a protective order which will afford him the opportunity to establish the illegality of the grand jury.

- 6 -

The asserted privilege against self-incrimination forms the principal wedge with which relator attempts to gain access to the courts for a determination of the merits of his illegal grand jury claim. From this purported privilege flow all of relator's claims of violation of due process of law, for he contends that with the protection of the privilege a hearing is required on the propriety of the grand jury's formation and actions. Further alleged due process violations against relator are related to the selection and alleged manipulation of the grand jury and its witnesses. Compare: A et al. v. District Court of Second Judicial District v. Attorney Q., Intervenor, _____Colo.____, 550 P.2d 315.

We have already held relator has effectively been granted transactional immunity from prosecution on the basis of any testimony or physical evidence which he might give before the grand jury. With the granting of immunity comes the dissolution of the privilege against self-incrimination. Section 95-1807, R.C.M. 1947. Without the protection of such privilege, and with immunity from prosecution, all of relator's claimed violations of due process of law are for naught. He is not a defendant in any criminal action. He cannot be a putative defendant in any criminal action for offenses concerning which he may testify. As a mere witness before a grand jury, immune from its indictment powers, he is not an adversary to the prosecution with the right of notice and hearing, and he has no legal interest in the grand jury's composition or operation. In short, relator has alleged no present or potential injury to his constitutional rights which gives him standing to attack the legality of the grand jury.

No case cited by relator in support of his standing argument is analogous to the facts here. Relator is not a defendant; cannot be a defendant in this matter (save for contempt or perjury, section 95-1807, R.C.M. 1947); has shown no injury to himself; and, can claim no privilege which protects him from testifying.

In view of the foregoing, in No. 13438, the district court's order of June 24, 1976 to compel testimony is valid and of full force and effect.

In No. 13439, the writ of prohibition is denied and this matter is remanded to the district court for further proceedings.

Remittitur shall issue forthwith in both cases.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

Mr. Justice Gene B. Daly dissenting:

I dissent.

I do not disagree that some of the matters raised by the petitioner may be premature. He may not be considered a prospective defendant. The transactional immunity may protect all of his rights from unlawful invasion. He may or may not have standing to object in his present posture. However, my problem arises from the fact that we are making a fact determination without a proper record. These facts should be determined by the district court upon a hearing before the district court. It would be my position that if the petitioner claims a violation of a constitutional right by a proper petition before the district court, he has standing to be heard and his complaint determined by that court. There is never any unnecessary delay in granting the right to be heard on any legitimate motion before any court in a judicial proceeding.

_____
Justice.