COURTS
Title 20 O.S. 106.4 [20-106.4](b) (1977) and 12 O.S. 449 [12-449] (1977) are valid and currently in force in Oklahoma. The rate of compensation prescribed by 20 O.S. 106.4 [20-106.4](b) as the maximum rate chargeable for transcription of judicial proceedings has application to a deposition taken pursuant to 12 O.S. 449 [12-449] only in that the rate prescribed thereby is the maximum rate that can be taxed as costs in a case wherein depositions are taken and the court assesses costs to a party to the action other than the one on whose behalf the depositions were taken. The Attorney General has considered your request for opinion, wherein you first quote the following statutes: "(b) Upon request of either party in a civil or criminal case the reporter shall transcribe the proceedings in a trial or other judicial proceedings, or so much thereof as may be requested by the party, certify to the correctness of the transcript, and deliver the same to the party requesting it on the payment of his fees therefor at the rate of One Dollar ($1.00) per page of at least twenty-five lines to the page, provided that, upon request of the party ordering the transcript, the reporter shall furnish two carbon copies without charge. The fees for making the transcript shall be paid in the first instance by the party requesting the transcript and shall be taxed as costs in the suit." 20 O.S. 106.4 [20-106.4](b) (1972). "Each party who takes testimony of a witness or of another party by deposition shall bear all expense incident thereto, including the cost of transcription, and shall furnish to the adverse party or parties, free of charge, at least one copy of the transcribed deposition so taken. The cost of transcription, when supported by court reporter's verified statement, the sheriff's fee for serving notice to take deposition and fees of witnesses shall each constitute an item of cost to be taxed in the case in the manner generally provided by law, unless the court, upon timely motion of a party to retax costs, finds the deposition so taxed was unauthorized by statute and unnecessary for protection of the party's interest. In no case shall transcription cost be taxed at a higher per-page rate than that which is now or may be hereafter prescribed by law for appellate transcripts." 12 O.S. 449 [12-449] (1975). You then ask the following questions: "1. Are these laws still valid and in force ? "2. Is the rate of compensation as stated in 20 O.S. 106.4 [20-106.4](b) (1972) the maximum rate a reporter may charge for an original and two copies of a deposition taken pursuant to 12 O.S. 449 [12-449] (1975)? "3. What is a judicial proceeding as noted by 20 O.S. 106.4 [20-106.4](b)? "4. Is a deposition such a judicial proceeding as noted by 20 O.S. 106.4 [20-106.4](b)?" Initially, it should be noted that 20 O.S. 106.4 [20-106.4](b) (1977) was amended in 1972 effecting an increase to the prescribed fee for transcription of judicial proceedings to one dollar and fifty cents ($1.50) per page and providing stricter guidelines relative to the minimum amount of print to appear per page. The section now reads: "(b) Upon request of either party in a civil or criminal case the reporter shall transcribe the proceedings in a trial or other judicial proceeding, or so much thereof as may be requested by the party, certify to the correctness of the transcript, and deliver the same to the party requesting it on the payment of his fees therefor at the rate of One Dollar and fifty cents ($1.50) per page of at least twenty-five lines to the page, provided that, upon request of the party ordering the transcript, the reporter shall furnish two (2) carbon copies with out charge. Said page as mentioned herein shall be no more than double spaced and margin on said page shall be set in on either side of page no more than one (1) inch. The fees for making the transcript shall be paid in the first instance by the party requesting the transcript and shall be taxed as costs in the suit." Emphasis added) Incorporating the amendment above, the answer to your first question is affirmative. Title 20 O.S. 106.4 [20-106.4](b) (1977) and 12 O.S. 449 [12-449] (1977) are valid and in force in Oklahoma. Addressing your second, third and fourth questions, the courts have not clearly defined the term "judicial proceeding." Rather, the courts have simply stated, on a case by case basis, whether a particular proceeding or occurrence constitutes a judicial proceeding or not. For example, courts have said that grand jury hearings constitute judicial proceedings. In re Braniff Airways, Inc.,390 F. Supp. 344, 346 (W.D. Tex. 1975). Pretrial hearings also fall within the category. State v. Lambert, 538 P.2d 1351,1352 (Mont. 1975). Furthermore, an action before a grievance committee of a state bar association has been considered a judicial proceeding. Wiener v. Weintraub,22 N.Y.2d 330, 239 N.E.2d 540, 541, 292 N.Y.S. 2d 667 (1968). In Oklahoma, a Corporation Commission hearing has been held to be a judicial proceeding, Southwestern Bell Telephone Company v. State, 181 Okl. 246, 71 P.2d 747, 749
(1937), whereas, an application for a pool hall made before a county judge has been held not to be so. Morgan v. State, 45 Okl. Cr. 268, 282 P. 1110, 1111 (1929). Only once has an Oklahoma court attempted to define the phrase in a general manner. In State ex rel. West v. McCafferty,25 Okl. 2, 105 P. 992, 997 (1909), the Supreme Court of Oklahoma said that a judicial proceeding was one in which a legal remedy was sought. Accord, Treyloar v. Harris,66 Ind. App. 59, 117 N.E. 975, 978 (1917). A widely accepted view of the term is "every proceeding of a judicial nature before a competent court or before a tribunal or officer clothed with judicial or quasi-judicial powers." State v. Lambert, supra, quoting, Jarman v. Offutt, 239 N.C. 468,80 S.E.2d 248, 251 (1954). See also Richeson v. Kessler,73 Idaho 548, 255 P.2d 707, 709 (1953). In at least one case a court has stated that a deposition was taken "in the course of a judicial proceeding." Gordon v. Indusco Management Corporation, 164 Conn. 262, 320 A.2d 811, 817
(1973). We are not of the opinion that depositions, in and of themselves, constitute judicial proceedings in the sense that in-court proceedings, wherein a judicial remedy is sought, are judicial proceedings. A deposition could conceivably become a judicial proceeding, however, depending on the circumstances under which it was taken. The question, therefore, of whether and when a deposition rises to the status of a judicial proceeding is a question of fact and must necessarily be resolved on a case by case basis in light of the particular facts and circumstances in each instance. Your attention is invited to a directive of then Administrative Director of the Courts, Marian P. Opala, dated November 29, 1971, a copy of which is attached hereto, wherein court reporters were admonished that they may not charge lawyers or litigants a fee for performance of services which fall clearly into their statutorily imposed duties. The directive cites specific examples of such services and attempts to aid court reporters in distinguishing between those services and services of a private nature which are compensable by litigants. It is felt that the directive constitutes a persuasive indication of the continuous construction placed on the language of 20 O.S. 106.4 [20-106.4] (b) . We view the two sections, 20 O.S. 106.4 [20-106.4](b) and 12 O.s. 449, as separate and distinct, one dealing specifically with court reporters' statutory duties and the cost of transcription of judicial proceedings, the other with depositions generally and the taxing of costs therefor. While the matter of the fee which an independent reporter charges for his services appears to be of a private contractual nature and, therefore, not a proper subject for legislation, the State does have a legitimate interest in the portion of such charge which might be taxed as costs in any legal action. Consequently, we view the language "in no case shall transcription costs be taxed at a higher per page rate than that which is now or may be hereafter prescribed by law for appellate transcripts" of 12 O.S. to merely establish a maximum amount which can be taxed as costs in a case and not as an attempt by the Legislature to prescribe a maximum fee which an independent reporter might charge for his services. It is, therefore, the opinion of the Attorney General that your request for opinion be answered as follows: Title 20 O.S. 106.4 [20-106.4](b) (1977) and 12 O.S. 449 [12-449] (1977) are valid and currently in force in Oklahoma. The rate of compensation prescribed by 20 O.S. 106.4 [20-106.4](b) as the maximum rate chargeable for transcription of judicial proceedings has application to a deposition taken pursuant to 12 O.S. 449 [12-449] only in that the rate prescribed thereby is the maximum rate that can be taxed as costs in a case wherein depositions are taken and the court assesses costs to a party to the action other than the one on whose behalf the depositions were taken. (WM. DON KISER) SUPREME COURT OF OKLAHOMA Office of the Administrative Director of the Courts Oklahoma City, Oklahoma 73105 Marian P. Opala Administrative Director of the Courts 305 State Capitol November 29, 1971 AC 405 521-2318 Dear Court Reporter: The purpose of this letter is to call your attention to frequent complaints that court reporters charge fees that are unauthorized by law. You are reminded that court reporters may not charge lawyers or litigants a fee for performance of services which fall clearly into their statutorily imposed duties. Services such as: (1) appearing at and reporting pretrial conference proceedings; (2) reporting voir dire examination; (3) reporting opening statements; (4) appearing at and reporting proceedings to disclose assets; (5) appearing at and reporting argument to the jury are deemed part of your official duties for which the State pays you a salary. These services are performed by you as official court reporter in the judicial process. You must learn to distinguish these services from those performed by you in taking depositions. The latter service is not rendered by you in the exercise of your duties as state-employed official court reporter and are compensable by litigants. Please take notice that all complaints received by this office on or after January 1, 1972 about unauthorized fee charges will be referred to the State Board of Examiners of Official Shorthand Reporters for immediate disciplinary action. See in this connection the new powers vested in the State Board of Examiners of Official Shorthand Reporters under 20 O.S. 1502 [20-1502] (1970). As you know, that Board is vested with the power to deprive a Court Reporter of his certificate, license or temporary certificate. Cordially, (MARIAN P. OPALA)