No. 14328

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

———————————

STATE ex rel., RICHARD K. JENNINGS,

Relator,

-vs-

THE DISTRICT COURT OF THE THIRD JUDICIAL
DISTRICT et al.,

Respondents.

———————————

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Jack Scanlon argued, Anaconda, Montana

For Respondents:

Knight, Dahood, Mackay and McLean, Anaconda, Montana
Conde Mackay argued, Anaconda, Montana

———————————

Submitted: July 21, 1978

Decided AUG 2 ͵

Filed: AUG

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Relator, Richard K. Jennings, has applied to this Court for a writ of supervisory control to be directed to the District Court of the Third Judicial District, Deer Lodge County, and to Honorable Robert J. Boyd and Honorable Arnold Olsen. The application concerns jurisdiction over child custody proceedings initiated in Montana by relator's former wife, Sandra Jennings, as a response to similar proceedings brought by relator in Iowa.

Richard and Sandra Jennings were married in Iowa on July 25, 1976. It was Sandra Jennings' second marriage. Some two months later, they were separated. The husband, as petitioner, was granted a decree of dissolution of marriage on February 24, 1977, three days after the birth of the couple's daughter. The decree awarded custody of the child to the wife. At that time, she also had custody of her son under a decree of dissolution from her previous marriage.

During the ensuing months, a number of problems arose with respect to the husband's visitation rights and the parties returned to the Iowa court on two occasions for further clarification of these rights. On October 3, 1977, the wife moved to Anaconda, Montana, to escape what she has termed the husband's "abuse and harassment". After she moved, the husband returned to the Iowa court and received an order terminating his child support payments and granting him custody of the couple's daughter. A short time later, the wife's first husband returned to the Iowa court from his home in Nebraska and received a similar order with respect to the child of the wife's marriage to him. The wife did not attend either of these hearings.

On April 21, 1978, relator filed the Iowa order modifying custody with the Clerk of the District Court, Deer Lodge County, Montana, so that it might be enforced in this state pursuant to section 61-416, R.C.M. 1947 (Supp. 1977). On the husband's motion, the Honorable Arnold Olsen, sitting in the absence of Honorable Robert J. Boyd, issued an order giving full faith and credit to the Iowa proceedings and directing the wife to surrender custody of the daughter to the husband. The wife was never served with this order.

On May 3, 1978, the wife petitioned the District Court for a hearing challenging the jurisdiction of the Iowa district court to modify the decree of dissolution as to custody. That same day, Judge Olsen again ordered the wife to relinquish custody of her daughter. However, Judge Boyd, having returned to the bench, issued a temporary restraining order prohibiting the husband from taking custody of the daughter until a hearing could be held concerning the matter. On May 9, the wife petitioned the court to modify the Iowa decree of dissolution and return legal custody of her daughter to her. That same day, counsel for relator filed a motion seeking full faith and credit for the Iowa order obtained by the wife's first husband with respect to the wife's son. The first husband later obtained custody of the son through habeas corpus proceedings in the State of Washington where the wife had taken the son for medical treatment.

On May 30, relator moved that the temporary restraining order be quashed, the petition for modification dismissed, and the April 21 order enforced. Judge Boyd denied the husband's motion and ordered him to seek a writ of supervisory control in this Court to determine the question of jurisdiction. We hold that supervisory control is not a necessary remedy under these facts to determine the relief sought by relator.

-3-

This Court, in State ex rel. Woodahl v. District Court (1975), 166 Mont. 31, 38, 530 P.2d 780, 785, held:

> "* * * when the facts clearly show that a party has no plain, speedy or adequate remedy at law, and when there is no right of appeal from a district court's order, a writ of supervisory control may issue so that the decision of the lower court may be reviewed by the Montana Supreme Court."

Further, this Court, in Petition of Charles Waite, Jr. (1964), 143 Mont. 321, 322, 389 P.2d 407, 408, stated:

> "It is incumbent further upon petitioners seeking original jurisdiction in this court to make a showing of the inadequacy or unavailability of any other remedy, either in the district court or by way of appeal to this court."

Relator has a plain and speedy remedy at law available to him by appeal from any action of the District Court. Therefore, the application of relator is dismissed without prejudice and this matter is remanded to the District Court of the Third Judicial District for such further proceedings as it may deem appropriate.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-4-

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 14328

---

STATE ex rel., RICHARD K. JENNINGS,

Relator,

v.

THE DISTRICT COURT OF THE THIRD
JUDICIAL DISTRICT, et al.,

Respondents.

FILED

SEP 18 1978

Thomas A. ...

CLERK OF SUPREME COURT
STATE OF MONTANA

---

ORDER

---

Through inadvertence, the Opinion in the above entitled cause was signed by Justice Gene B. Daly instead of the Honorable Peter G. Meloy, District Judge, sitting for Justice Daly.

We hereby issue a correction order substituting Judge Meloy for Justice Daly.

DATED this *18th* day of September, 1978.

_____
Chief Justice

_____

_____

_____

_____
Justices

_____
Honorable Peter G. Meloy, District Judge, concurring.