No. 14945

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

THE DEPARTMENT OF REVENUE
OF THE STATE OF MONTANA,

Petitioner,

vs.

THE STATE TAX APPEAL BOARD, HELEN M.
PETERSON, Chairman, ROBERT S. RAUNDAL,
Member, and Honorable WILLIAM H. CODER,
Judge of the Eighth Judicial District
of the State of Montana,

Respondents.

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

J. Vaughan Barron, Legal Division, Dept. of Revenue,
Helena, Montana

For Respondents:

L. Morris Ormseth, Great Falls, Montana
James R. Paull, Great Falls, Montana
Randall Swanberg, Great Falls, Montana
James, Gray & McCafferty, Great Falls, Montana
Church, Harris & Johnson, Great Falls, Montana

Submitted on briefs: November 19, 1979

Decided: JAN 10 1980

Filed: JAN 10 1980

Thomas J. Kearney
_____
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The State Department of Revenue has filed a petition for a writ of supervisory control in this Court seeking an order from this Court enjoining the State Tax Appeal Board from granting each owner of commercial property a 34% reduction in the appraised value of his property for tax purposes and directing the District Court of Cascade County to reopen cause No. 85980A for the reception of further evidence concerning the tax market value of commercial properties involved in that litigation.

The underlying dispute between the parties involves the statewide reappraisal completed in 1978. A number of owners of commercial property in Cascade County protested that the appraisals on the improvements on their property were too high in comparison to appraisals on improvements on residential property. They first appealed to the Cascade County Tax Appeal Board which denied their request for reduction. This decision was appealed to the State Tax Appeal Board (STAB) which held further hearings. STAB ruled that the Department of Revenue (DOR) had discriminated against owners of commercial improvements in favor of owners of residential improvements and directed DOR and the Cascade County assessor to reduce the appraisal value of commercial improvements on each property by 34%.

Thereafter DOR filed a petition for judicial review in the District Court of Cascade County, naming STAB and the taxpayers as respondents. On December 15, 1978, DOR filed a motion to suspend briefing on the petition for judicial review and to set the matter for "a further evidentiary hearing" to permit it to introduce additional evidence. A hearing was held before Judge Coder at 10:05 a.m. on December 28, 1978, at which time argument was presented by DOR and the taxpayers in question, on the motion for an additional evidentiary hearing. Upon conclusion of oral

- 2 -

argument, the matter was taken under advisement by Judge Coder.

Subsequently, briefs were submitted by the parties in support of and in opposition to the petition for judicial review. Oral argument was held before Judge Coder on the petition for judicial review on February 28, 1979. On June 14, 1979, Judge Coder entered an order denying the motion of DOR for a further evidentiary hearing and a separate opinion and order denying the relief sought by DOR in its petition for judicial review and affirming the decision of the STAB with certain exceptions, not applicable here. Judgment was entered upon said opinion and order on June 18, 1979. Notice of entry of judgment was filed on June 18, 1979, and served upon DOR in accordance with the Montana Rules of Civil Procedure.

On July 27, 1979, DOR filed its notice of appeal to this Court in the Cascade County action. The District Court file, exhibits, transcript and briefs on appeal have now been filed and the appeal is ready for setting on the next appeal calendar.

In the meantime on August 30, 1979, DOR filed the instant application for supervisory control with this Court claiming an emergency wherein the remedy by appeal would not afford plain, speedy or adequate relief. According to DOR, STAB has granted 102 commercial property owners a 34% reduction in the appraisal value of their property for the 1978 tax year with appeals to the District Courts in 19 counties pending. Additionally DOR alleges that over 2,000 appeals to STAB are pending which seek a 34% reduction in commercial values for 1979. This will require appeals to the District Courts in 25 counties representing a tax loss of about $2,245,000 primarily to cities according to DOR. In order to establish this alleged error by STAB will require legal representation far exceeding the capacity of the four staff attorneys available to DOR, it is alleged.

- 3 -

On September 13, 1979, this Court established a briefing schedule and held further action on DOR's petition in abeyance pending receipt of the briefs. On October 29, 1979, representatives filed a motion to dismiss this proceeding on the following grounds: (1) DOR's petition is defective procedurally; (2) the correct remedy is an expedited appeal rather than supervisory control; (3) the District Court's decision is correct in any court.

The gist of DOR's position is that the remedy by appeal is inadequate because a flood of litigation throughout the state has been precipitated by the 34% reduction in the appraisals of commercial improvements granted by STAB and by the District Court of Cascade County in cause #85980A. DOR argues that this has created an emergency from the standpoint of its legal resources and by tying up about 2.25 million dollars in local tax revenues. DOR further contends that the record on appeal in cause #85980A is incomplete because of the District Court's refusal to reopen the case and permit it to introduce evidence of the true market value of the commercial improvements. This combination of circumstances demonstrates the need for supervisory control by this Court according to DOR.

Respondents, on the other hand, argue that a writ of supervisory control is not a proper remedy because DOR has failed to comply with Rule 17(d), M.R.App.Civ.P., by its failure to attach a copy of the District Court's order affirming STAB and its order denying DOR's application to reopen cause #85980A for the reception of further evidence. They further argue that the appropriate remedy is a request for an expedited appeal of cause #85980A precluding extraordinary relief by writ of supervisory control. Finally they contend that the District Court's denial of reopening is correct in any event because DOR made no showing of good cause for reopening as required by statute, no offer of

proof was made, and that DOR came before the District Court with "unclean hands."

We decline to accept jurisdiction at this time by supervisory control. The issues presented by this petition appear to be the same issues presented by DOR's appeal which is ready for setting on our February 1980 Calendar. This renders the remedy by appeal adequate precluding review by supervisory control. State ex rel. Jennings v. District Court (1978), ____Mont. ____, 582 P.2d 1260, 35 St.Rep. 1264; and State ex rel. Woodahl v. District Court (1976), 170 Mont. 329, 553 P.2d 971.

Our ruling herein is expressly made without prejudice to any future application for relief by extraordinary writ should circumstances develop hereinafter rendering the remedy by appeal inadequate to decide the underlying question, viz. whether the method, procedure and appraisals of DOR in its statewide property reappraisal for tax purposes of commercial vis-a-vis residential improvements complies with the law.

_Frank I. Haswell_
----------------------------------------
Chief Justice

We concur:

_Gen. B. Daly_
----------------------------------------

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_
----------------------------------------
Justices

- 5 -